UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CT-3097-BO

| | |
|---|---|
| DERRICK LAMONT ROBERTSON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| N. BELL, et al., ) | |
| Defendants. ) | |

This is a civil rights action brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), by Derrick Lamont Robertson ("plaintiff"). Plaintiff is a federal inmate incarcerated in the Federal Correctional Institutional at Butner. The matter is now before the court for a frivolity determination. 28 U.S.C. § 1915(e)(2). For the following reasons, the matter is dismissed in the entirety.

When an inmate seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotation omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)

(quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). The court reviews all of plaintiff's filings to determine whether he has stated a claim.

Plaintiff appears to raise two issues, one regarding his federal custody classification and the other the BOP grievances. IV. Stmt. of Claims, 3-4. Plaintiff claims that on April 30, 2014, defendant N. Bell "refused to correctly classify Plaintiff's overall security custody level and transferr [sic] Plaintiff to his appropriate custody level at FCI Butner 2." Id. Second, he asserts that on May 27, 2014, defendant B. Brooks and P. Justice failed to appropriately resolve a grievance about the custody issue and then again on June 26, 2014, J. Andrews likewise failed to remedy the custody classification issue. Id. Plaintiff states on March 3, 2015, N. Bell and P. Justice failed to place plaintiff into the correct custody classification and again on March 5, 2015, P. Justice "refused to re-classify Plaintiff . ." Id. Plaintiff names four defendants to the suit: Case Manager N. Bell; Correctional Counselor B. Brooks; Unit Manager P. Justice; and Warden J. Andrews. III. Defendants. Plaintiff seeks compensatory, punitive declaratory and injunctive relief. V. Relief Sought by Prisoner.

This case is properly dismissed on the frivolity review. "[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84 (1987). A Bivens action is a judicially created damages remedy which is designed to

2

Case 5:15-ct-03097-BO   Document 14   Filed 10/27/15   Page 2 of 4

vindicate violations of constitutional rights by federal actors. Bivens, 403 U.S. at 395–97; Carlson v. Green, 446 U.S. 14 (1980)(extending Bivens to Eighth Amendment claims). However, plaintiff does not have a constitutional right to a specific custody classification. Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976) ("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due process."). Similarly, the Fourth Circuit has stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . And is not otherwise violative of the Constitution." Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir.1994), cert. denied, 513 U.S. 889 (1994). The claim is dismissed.

The second claim challenges the grievance process within the prison. In reviewing the documents presented to the court by plaintiff, it appears plaintiff sought to have his custody level changed through the grievance process, the grievances were reviewed and denied, and the denials contained explanations and the next date for custody review. First, the federal grievance procedure does not confer a substantive right upon inmates. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Furthermore, any alleged failure of detention officials to improperly handle (by failing to change the outcome) of plaintiff's grievances does not raise an actionable claim. If defendants violated BOP polices in their handling of plaintiff's complaints or grievances, the

3

violation of such policies also does not constitute a violation of plaintiff's constitutional rights, and is therefore not assertable in a Bivens action. See Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C.1992); Singleton v. Administrative Food Service Brown, No. 12-2985, 2014 WL 3687348 at * 2, 5 (D.S.C. July 24, 2014) (In a Bivens action the failure to follow BOP policies, standing alone, does not amount to a constitutional violation). The claim is frivolous.

In an abundance of caution, the court also finds that any allegations not specifically set out and addressed are too generalized and conclusory, without a basis in fact, meritless, and likewise dismissed. White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (pro se litigant complaints must be liberally construed; however, a minimum level of factual support is required); see also Adams v. Rice, 40 F.3d at 74 (conclusory allegations of retaliation are frivolous).

Accordingly, the claims and case are dismissed as frivolous. All other pending motions [D.E. 4, 5, and 10] are DENIED as MOOT. Having so determined the Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this the 26 day of October 2015.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge